UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X  Civil Action No. 22-cv-7668

ROBIN CHRISTIAN,

                              Plaintiff,                    **COMPLAINT**

  -against-

SAMARITAN DAYTOP VILLAGE, INC.,

                                Defendant.

---------------------------------------------------------------X

       Plaintiff, by her attorneys, Bell Law Group, PLLC, complaining of Defendant, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

       1.     Plaintiff brings this action against Defendant to seek redress for Defendant's automatic deduction policy for meal breaks that resulted in Plaintiff repeatedly being deprived of regular and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

       2.     Defendant is the owner and/or operator of various shelters in the State of New York for unhoused individuals. Plaintiff worked for Defendant from December 2018 through May 28, 2022, at two of Defendant's shelters located in the County of Queens. Plaintiff initially worked for Defendant as a housing specialist from December 2018 through April 2021. Following a promotion to site supervisor in or around May 2021, Plaintiff was transferred to Defendant's shelter located at 87-72 148th Street, Jamaica, New York 11435 and worked thereat from May 2021 through May 28, 2022 (hereinafter the "relevant period of Plaintiff's employment").

1

3.      As a site supervisor, Plaintiff's duties included overseeing the shelter, housing shelter clients, preparing reports, working in operations, supervising staff, security and shelter clients, and responding to medical emergencies of shelter clients. During the relevant period of Plaintiff's employment, Plaintiff primarily worked night shifts of 4:00 p.m. to 12:00 a.m. and 12:00 a.m. to 8:00 a.m., Tuesday through Saturday, and on average Plaintiff worked forty-eight (48) hours or more per week. Plaintiff was paid at a rate of $27.04 per hour.

4.      Each shift, Plaintiff was subject to an automatic deduction of one hour of pay from Plaintiff's shift for meal breaks. However, following Plaintiff's promotion and transfer to the new shelter location, Plaintiff was the only employee on duty for night shifts due to understaffing by Defendant. In light of Plaintiff's duties as site supervisor overseeing and supervising the premises, and Defendant's requirement that an employee be on duty at all times, Plaintiff was unable to take any breaks while working night shifts. As such, Plaintiff was deprived of one hour of regular wages and overtime wages for each night shift worked during the relevant period of Plaintiff's employment.

## **PARTIES**

5.      Plaintiff was and still is a resident of the County of Queens, State of New York.

6.      Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

7.      Defendant Samaritan Daytop Village, Inc. was and still is a domestic not for profit corporation organized and existing under and by virtue of the laws of New York.

8.      Defendant is a covered employer within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

10. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conducts significant business within this judicial district.

## FACTS

12. Defendant is the owner and/or operator of various shelters in the State of New York for unhoused individuals.

13. Plaintiff worked for Defendant from in or around December 2018 through May 28, 2022.

14. Plaintiff worked for Defendant as a housing specialist from in or around December 2018 through April 2021 at Defendant's shelter located at the Radisson Hotel at JFK Airport, 135-30 140th Street, Queens, New York 11436.

15. Plaintiff was promoted to site supervisor in or around April or May 2021.

16. During the relevant period of Plaintiff's employment, Plaintiff worked for Defendant as a site supervisor from in or around May 2021 through May 28, 2022, at Defendant's shelter located at 87-72 148th Street, Jamaica, NY 11435.

17.     As a site supervisor, Plaintiff's duties included without limitation overseeing the shelter, housing shelter clients, preparing reports, working in operations, supervising staff, security and shelter clients, and responding to medical emergencies of shelter clients.

18.     During each shift of the relevant period, there were twenty-five (25) or more clients staying at the shelter.

19.     During the relevant period of Plaintiff's employment, Plaintiff primarily worked night shifts of 4:00 p.m. to 12:00 a.m. and 12:00 a.m. to 8:00 a.m., including double shifts, Tuesday through Saturday. On average Plaintiff worked forty-eight (48) hours or more per week.

20.     Plaintiff was paid at an hourly rate of $27.04 per hour.

21.     Each shift, Plaintiff was required to clock out for one hour for a meal break and was thereby subject to an automatic deduction from her wages.

22.     Clocking out for one hour for a meal break was a mandatory policy by Defendant irrespective of whether employees were or were not able to take a meal break.

23.     Throughout Plaintiff's employment, at least one employee was required to be on duty at all times at the shelters.

24.     Due to understaffing by Defendant, for each night shift Plaintiff worked during the relevant period, Plaintiff was the sole employee on duty and Plaintiff was unable to be relieved from Plaintiff's duties to take a meal break.

25.     Nonetheless, Plaintiff was required to clock out for one hour for a meal break despite being unable to take a meal break and Plaintiff was thereby deprived of one hour of regular wages and overtime wages for each night shift worked during the relevant period.

26.     Furthermore, throughout the relevant period Plaintiff received inaccurate paystubs that did not reflect the actual number of hours in fact worked by Plaintiff.

27.     At all relevant times, Defendant maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and was Plaintiff's employer as defined under the FLSA and NYLL.

28.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

29.     At all relevant times, a non-exempt employee is required to be paid for each hour the employee is suffered or permitted to work pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and NYLL, N.Y. Lab. Law §§ 191, 650 *et seq.* and 12 NYCRR § 142 *et seq.*

30.     At all relevant times, Plaintiff was a non-exempt employee required to be paid wages for each hour Plaintiff worked for Defendants.

31.     Throughout the relevant period of Plaintiff's employment, Defendants did not pay Plaintiff the full amount of wages Plaintiff was entitled to for Plaintiff's complete hours worked in violation of the FLSA and NYLL.

32.     Plaintiff was entitled to be paid at least one and one-half times Plaintiff's regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA, 29 U.S.C § 207 and NYLL, 12 NYCRR § 142-2.2.

33.     Throughout the relevant period of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

34. During the relevant period Plaintiff was paid overtime wages of one and one-half times Plaintiff's regular hourly rate of pay for the complete amount of overtime hours Plaintiff in fact worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

35. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to N.Y. Lab. Law § 195(3).

36. During the relevant period of Plaintiff's employment, Plaintiff was not provided with accurate wage payment wage statements reflecting the full number of hours in fact worked in violation of the NYLL.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Unpaid Wages FLSA)*

37. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

38. At all relevant times, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

39. At all relevant times, Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

40. At all relevant times, Defendant was engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

41. At all relevant times, Defendant's annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

6

42.     At all relevant times, Defendant was required to compensate employees for all hours suffered or permitted to work pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

43.     Defendant has violated the FLSA by failing to compensate Plaintiff for the full number of hours Plaintiff was in fact required or permitted to work during the relevant period.

44.     As a result of Defendant's violation of the law and failure to pay Plaintiff wages for the full number of hours worked during the relevant period, Plaintiff has been damaged and is entitled to recover from Defendant all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to the FLSA, 29 U.S.C. § 216(b).

45.     Defendant willfully, knowingly and intentionally failed to compensate Plaintiff the full wages to which Plaintiff was entitled during the relevant period.

46.     Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

47.     Due to Defendant's intentional and willful failure to pay Plaintiff wages for the full number of hours worked during the relevant period, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime Under the FLSA)*

48.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

49.     At all relevant times, Defendant was subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

50.     Pursuant to FLSA, 29 U.S.C. § 201 *et seq.*, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

51.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States Department of Labor's regulations promulgated under the FLSA.

52.     Defendant required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

53.     During the relevant period Defendant did not pay Plaintiff a rate of one and one-half times Plaintiff's regular hourly rate of pay for the full number of overtime hours Plaintiff in fact worked in excess of forty (40) hours per week.

54.     Defendant willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for the full number of overtime hours Plaintiff in fact worked in excess of forty (40) hours a week during the relevant period.

55.     As a result of Defendant's violation of the law and failure to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

56.     As Defendant did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Unpaid Wages NYLL)*

57.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

58.    At all relevant times, Plaintiff was an employee and Defendant was Plaintiff's employer within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

59.    At all relevant times, Defendant was required to compensate employees for all hours suffered or permitted to work pursuant to N.Y. Lab. Law §§ 191, 650 *et seq.* and 12 NYCRR § 142 *et seq.*

60.    Defendant has violated the NYLL by failing to compensate Plaintiff for the full number of hours Plaintiff in fact was required or permitted to work.

61.    As a result of Defendant's violation of the law and failure to pay Plaintiff wages for the full number of hours in fact worked during the relevant period, Plaintiff has been damaged and is entitled to recover from Defendant all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to N.Y. Lab. Law §§ 198 and 663.

62.    Defendant willfully, knowingly and intentionally failed to compensate Plaintiff the full wages to which Plaintiff was entitled during the relevant period.

63.    Defendant has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

64.    Due to Defendant's intentional and willful failure to pay Plaintiff wages for the full number of hours in fact worked during the relevant period, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Overtime Under the NYLL)*

65.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

66.     At all relevant times, Defendant was subject to the overtime wage requirements set forth in Article 19 of the NYLL.

67.     Pursuant to N.Y. Lab. Law § 650 *et seq.* and 12 NYCRR § 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

68.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the New York State Department of Labor's regulations promulgated under the NYLL.

69.     Plaintiff was entitled to be paid one and one-half times Plaintiff's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

70.     Defendant required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout Plaintiff's employment.

71.     At no time did Defendant pay Plaintiff a rate of one and one-half times Plaintiff's regular hourly rate of pay for the full number of hours Plaintiff in fact worked in excess of forty (40) hours per week during the relevant period.

72.     Defendant willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's regular hourly rate of pay for the full number of overtime hours Plaintiff in fact worked in excess of forty (40) hours per week during the relevant period.

73.     As a result of Defendant's violation of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendant all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

74.     As Defendant did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### *(Wage Statements N.Y. Lab. Law § 195(3))*

75.     Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

76.     Pursuant to N.Y. Lab. Law § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

77.     Defendant failed to furnish accurate wage statements to Plaintiff in violation of N.Y. Lab. Law § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of Plaintiff's full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by N.Y. Lab. Law § 195(3).

78.     The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

79.     As Defendant failed to provide proper wage payment statements under N.Y. Lab. Law § 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000.00, together with attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action on behalf of Plaintiff against Defendant, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action on behalf of Plaintiff against Defendant, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action on behalf of Plaintiff against Defendant, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action on behalf of Plaintiff against Defendant, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action on behalf of Plaintiff against Defendant for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest,

in an amount to be determined by this Court but greater than the jurisdictional

minimum;

F.  Such other and further relief as is just and proper.

Dated: Syosset, New York
      December 16, 2022

                                        Respectfully submitted,
                                        BELL LAW GROUP, PLLC

                                        By: */s/ Matthew Madzelan*_____
                                        Matthew Madzelan, Esq.
                                        *Attorneys for Plaintiff*
                                        116 Jackson Avenue
                                        Syosset, New York 11791
                                        (516) 280-3008
                                        Matthew.M@Belllg.com